**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180723-U

Order filed February 13, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0723 Circuit No. 05-CF-175 |
| MICHAEL T. JOHNSON, | ) ) ) | Honorable Clark E. Erickson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE LYTTON delivered the judgment of the court.
Justices Schmidt and Wright concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  (1) Circuit court did not exceed the scope of this court's mandate when resentencing defendant on remand; and (2) defendant's claim that the court employed an improper *Krankel* procedure is barred *res judicata*.

¶ 2    Defendant, Michael T. Johnson, appeals following the denial of his petition for writ of *habeas corpus*. He asserts that the circuit court exceeded its authority on remand when it imposed consecutive sentences. Defendant thus argues that the court acted without jurisdiction, and that

his sentence therefore amounted to a void judgment. He also argues that the court employed an improper *Krankel* procedure at trial. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Following a 2007 jury trial, defendant was found guilty of first degree murder (720 ILCS 5/9-1(a)(1) (West 2004)), aggravated discharge of a firearm (*id.* § 24-1.2(a)(2)), aggravated unlawful use of a weapon (AUUW) (*id.* § 24-1.6(a)(3)(A)), and aggravated assault (*id.* § 12-2(a)(6))). The circuit court found defendant eligible for extended-term sentences for both first degree murder and aggravated discharge. The court subsequently sentenced defendant to a term of 85 years' imprisonment for first degree murder, to be served consecutively to a term of 15 years' imprisonment for aggravated discharge. The court further imposed a concurrent term of seven years' imprisonment for AUUW, as well as time served for aggravated assault.

¶ 5        On direct appeal, we rejected defendant's argument that the aggregate term of his sentences was excessive. *People v. Johnson*, No. 3-07-0825 (2009) (unpublished order under Illinois Supreme Court Rule 23). However, we vacated the aggravated discharge sentence on the grounds that the circuit court erred in finding defendant extended-term eligible for that offense. We remanded the matter with instructions that the court resentence defendant for aggravated discharge.

¶ 6        On remand, the circuit court sentenced defendant to a term of 12 years' imprisonment for aggravated discharge of a firearm. The court again ordered that the sentence would run consecutive to defendant's sentence for first degree murder. On appeal from resentencing, this court affirmed and allowed appellate counsel to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). *People v. Johnson*, No. 3-10-0262 (2011) (unpublished dispositional order).

¶ 7        On June 22, 2012, defendant filed a *pro se* postconviction petition in which he raised 10 different claims of ineffectiveness of trial and appellate counsel. Among those claims, defendant

2

asserted that the circuit court had erred in denying his request at trial that a new attorney be appointed to pursue defendant's *pro se* claims of ineffective assistance of trial counsel. The circuit court summarily dismissed defendant's petition at the first stage of proceedings. On appeal, this court vacated defendant's AUUW conviction pursuant to *People v. Burns*, 2015 IL 117387, but otherwise affirmed the circuit court's summary dismissal of the postconviction petition. *People v. Johnson*, 2016 IL App (3d) 120778-UB.

¶ 8      On August 2, 2018, defendant filed a petition for writ of *habeas corpus* in the circuit court. In that petition, defendant argued first that his consecutive sentence for aggravated discharge of a firearm violated double jeopardy principles because "[t]he evidence in this case established the decedent was shot only once." Defendant also alleged that appellate counsel had been ineffective for failing to raise a potential *Krankel* violation.

¶ 9      On November 14, 2018, the circuit court issued a written decision dismissing defendant's petition. The court observed that defendant had failed to make proper service, and otherwise opined that that the petition was so frivolous that defendant could not possibly gain any relief under the *habeas corpus* statute. See 735 ILCS 5/10-124 (West 2018). The court further imposed upon defendant an assessment of $75 for filing fees and actual court costs. See 735 ILCS 5/22-105(a) (West 2018).

¶ 10                                   II. ANALYSIS

¶ 11      On appeal, defendant has elected to proceed as a self-represented litigant. He has abandoned the double jeopardy argument raised in his *habeas corpus* petition. Instead, defendant now argues that the circuit court exceeded the limits of this court's mandate, and thus exceeded its jurisdiction, when it ordered that his new aggravated discharge sentence be served consecutively. Accordingly, defendant argues that the circuit court's sentencing order is void. Defendant also

3

continues to argue that the court employed an improper *Krankel* procedure at trial, though in this appeal he no longer couches that argument in terms of the ineffectiveness of appellate counsel.

¶ 12    Initially, we find that the circuit court did not exceed the scope of this court's mandate when it ordered defendant's 12-year sentence for aggravated discharge be served consecutively to his term for first degree murder. Our remand required that the circuit court resentence defendant for aggravated discharge, and the court did exactly and only that.

¶ 13    A remand for resentencing implicitly and necessarily contemplated that the circuit court should comply with all statutes and rules related to sentencing. For example, our remand in this case did not explicitly direct the circuit court to appoint counsel, to admonish defendant of the sentencing range, or to consider factors in aggravation and mitigation. Yet remand for resentencing plainly requires the circuit court to abide by all of those legal principles attendant to that process. Defendant's suggestion that every such step in the sentencing procedure must be set forth explicitly in the reviewing court's mandate borders on absurdity. Indeed, it is worth noting that the consecutive sentences for first degree murder and aggravated discharge in this case were, in fact, mandatory. 730 ILCS 5/5-8-4(a)(i) (West 2006) ("The court shall impose consecutive sentences if: *** one of the offenses for which defendant was convicted was first degree murder ***.").[1]

¶ 14    Next, we find that defendant's *Krankel* claim is barred *res judicata*, as he raised the same claim in his postconviction petition, which was denied at the first stage. *E.g.*, *People v. Anderson*, 375 Ill. App. 3d 990, 1000 (2007) ("[A]ll issues actually decided on direct appeal or in the original postconviction petition are barred by the doctrine of *res judicata*."). Insofar as defendant's present

---

[1]The same subsection was in effect when defendant was resentenced in 2010. 730 ILCS 5/5-8-4(a)(i) (West 2010).

argument may be considered novel, challenging the process rather than the result of the *Krankel* inquiry, it is forfeited because it could have been raised on direct appeal or in his postconviction petition. *E.g.*, *People v. Tenner*, 206 Ill. 2d 381, 392 (2002). Defendant's argument in any event does not present grounds for relief under the Illinois *habeas corpus* statute, which generally limits relief to jurisdictional issues or some occurrence subsequent to imprisonment that requires a prisoner's release. 735 ILCS 5/10-124 (West 2018).

¶ 15    Finally, the State on appeal requests that this court impose sanctions upon defendant for pursuing a frivolous appeal. See Ill. S. Ct. R. 375 (eff. Feb. 1, 1994). Such sanctions are purely a discretionary matter. While defendant's arguments were meritless, he filed reasonable, compliant briefs and argued his points well, if not successfully. There is no indication that this appeal was brought in bad faith. We decline to impose sanctions, but we also admonish defendant that the filing of any further frivolous appeals may result in such sanctions.

¶ 16                                 III. CONCLUSION

¶ 17    The judgment of the circuit court of Kankakee County is affirmed.

¶ 18    Affirmed.